UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RANDALL STEVEN CURTIS,<br><br>　　　　　Defendant. | Case No. 16-cr-00510-SI-1<br><br>**ORDER RE DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 129 |

For the reasons set forth below, the Court DENIES the motion without prejudice to renewal in the event defendant's situation significantly deteriorates.

**BACKGROUND**

Defendant Randall Steven Curtis is 65 years old and currently serving a 120-month sentence after pleading guilty to possession of child pornography and transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(a)(1), respectively. Mtn. for Compassionate Release at 1[1] (Dkt. No. 125). Defendant is incarcerated at Beaumont Low FCI in Beaumont, Texas, has served approximately 2.5 years of his sentence, and has an anticipated release date of December 7, 2026. *Id*. Defendant is represented by counsel. The government opposes defendant's request for compassionate release.

In November of 2020, defendant contracted Covid-19 and has since been deemed recovered by BOP. *Id*. at 1-2. Defendant is 5'11" and weighs 180 pounds with a body mass index ("BMI")

---

[1] For ease of reference, all page number citations refer to the ECF branded page number in the upper right corner.

of 25.1. *Id*. at 5. Anyone with a BMI ranging from 25.0-29.9 is considered overweight. The defendant just barely falls into this category, meaning he is not obese. Additionally, defendant has an LDL cholesterol level of 147 mg/dL. Reply at 4 (Dkt. No. 128). This level is classified by the Journal of American College of Cardiology as "borderline to moderately elevated."

**DISCUSSION**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

Defendant requests the Court "reduce his sentence to permit compassionate release with a strict condition of home confinement or other such restriction(s) as the Court deems appropriate." Mtn. for Compassionate Release at 2 (Dkt. No. 125). Defendant states he would carry out his home confinement alone in his 3-bedroom, 2-bath home in Morgan Hill, California. *Id.* at 15.

Defendant argues "extraordinary and compelling" reasons justify compassionate release because he is at high risk for a more severe Covid-19 infection given (1) he has already contracted the virus once, (2) is overweight, (3) is 65 years old, and (4) has yet to make a full recovery from his initial Covid-19 infection. *Id*. at 3-8. Defendant further evidences his high risk status detailing lingering symptoms from his Covid-19 infection, including: pain in his lungs, body aches, chills, a dry cough, and loss of sense of smell even after BOP declared him "recovered" from Covid-19. *Id.* at 6. Defendant asserts he is not receiving adequate medical treatment for these ailments. Defendant also asserts Beaumont Low FCI has "had little success in stopping the spread of Covid-19 infection[s]" within the facility. *Id*. at 2. Additionally, defendant cites his clean disciplinary record

2

during his incarceration evidencing he is not a danger to society. *Id*. at 14.

The government opposes defendant's motion arguing, essentially, (1) that defendant has failed to establish "extraordinary and compelling" circumstances and (2) defendant is a danger to the community. The government argues defendant's alleged medical conditions do not fall within the bounds of the United States Sentencing Guidelines (USSG) § 1B1.13 (identifying medical conditions sufficient to warrant a reduction in sentence).

The government also argues defendant is a danger to others and therefore not suitable for compassionate release. In support thereof, the government cites the facts underlying defendant's conviction. Defendant possessed thousands of images and videos depicting child pornography, including "sadistic and masochistic behavior against children and sexual abuse of children as young as infants." Reply at 13 (Dkt. No. 126). Additionally, defendant possessed videos depicting himself engaging in sexual conduct with an alleged minor. *Id*. at 14.

Finally, the government argues defendant has served too little of his sentence (roughly a quarter) to warrant compassionate release and points out that despite the BOP continually screening inmates for home-confinement eligibility in an effort to reduce inmate population, the BOP has not identified defendant as an eligible candidate.

After carefully reviewing the parties' papers, the Court concludes compassionate release is not warranted. The Court recognizes defendant's medical complaints may lead to exacerbated symptoms should he contract COVID-19 again, and the Court is very concerned about the spread of COVID-19 in the federal prison system, especially the outbreaks at Beaumont Low FCI. However, the Court finds reducing defendant's sentence to home confinement would not satisfy "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime," nor would it "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(C).

///

///

Accordingly, the Court DENIES defendant's motion without prejudice to renewal in the event defendant's health or prison conditions significantly deteriorate.

**IT IS SO ORDERED.**

Dated: January 15, 2021

SUSAN ILLSTON
United States District Judge